IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| BONUMOSE BIOCHEM LLC, a Virginia limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>YI-HENG PERCIVAL ZHANG, individually, CELL-FREE BIOINNOVATIONS, INC., a Virginia corporation, CHUN YOU, individually, and TIANJIN INSTITUTE OF INDUSTRIAL BIOTECHNOLOGY, an institute of the government-owned Chinese Academy of Sciences,<br><br>    Defendants. | **COMPLAINT**<br><br>Civil Action No. 3:17-cv-00033<br><br>Judge |

Plaintiff Bonumose Biochem LLC ("Bonumose"), a Virginia limited liability company asserts the following against defendants Dr. Yi-Heng Percival Zhang ("Zhang"), Cell-Free Bioinnovations, Inc. ("CFB"), Dr. Chun You ("Chun You"), and the Tianjin Institute of Industrial Biotechnology ("Tianjin Institute"), an entity that is part of government-owned Chinese Academy of Sciences (collectively "Defendants").

## NATURE OF ACTION

1. Zhang, CFB, Chun You, and Tianjin Institute misappropriated Bonumose's valuable confidential and trade secret information relating to the enzymatic synthesis of D-tagatose, a naturally occurring monosaccharide ("Tagatose"), from low-cost feedstocks such as starch. Seeking damages, declaratory relief, and injunctive relief, Bonumose brings claims for breach of contract, declaratory action, misappropriation of trade secrets under state and federal law, civil conspiracy, and conversion.

1

## PARTIES

2. Plaintiff Bonumose, a Virginia limited liability company with its headquarters in Charlottesville, Virginia, owns the rights to confidential information and trade secrets relating to proprietary processes for the enzymatic production of Tagatose (generally "Tagatose Trade Secrets"). The Tagatose Trade Secrets are of significant economic value.

3. Defendant Zhang is a United States citizen residing in Virginia, a faculty member at Virginia Polytechnic Institute and State University ("Virginia Tech"), located in Blacksburg, Virginia and is affiliated with or employed by the Tianjin Institute.

4. Defendant CFB is a Virginia corporation formed by Zhang and others in 2012. CFB's principal office is in Blacksburg, Virginia. Zhang is CFB's majority shareholder, Chairman of the Board, and President. On information and belief, Zhang and his wife own 76% of CFB.

5. Defendant Chun You is a former employee of CFB and Virginia Tech. Chun You works at the Tianjin Institute.

6. The Tianjin Institute is a research institute in Tianjin, China. The Tianjin Institute was formed by the Chinese Academy of Sciences and the Tianjin Municipal Government, and is operated as an institute of the Chinese Academy of Sciences. The government-owned Chinese Academy of Sciences is the national academy for the natural sciences for the People's Republic of China.

## JURISDICTION AND VENUE

7. This is an action under Section 1836, Title 18 of the United States Code. Accordingly, the Court has jurisdiction under 28 U.S.C. §§ 1331, 1367, and 2201-2202.

8. This Court has personal jurisdiction over Defendant Zhang because he transacts, or has in the recent past transacted, business in the Western District of Virginia, has committed wrongful acts within this district, and has caused Bonumose injury within this district.

9. This Court has personal jurisdiction over Defendant CFB because it transacts, or has in the recent past transacted, business in the Western District of Virginia, has committed wrongful acts within this district, and has caused Bonumose injury within this district.

10. This Court has personal jurisdiction over Chun You because he transacts, or has in the recent past transacted, business in the Western District of Virginia, and has committed wrongful acts within this district, and has caused Bonumose injury within this district.

11. This Court has personal jurisdiction over Defendant Tianjin Institute because it transacts, or has in the recent past transacted, business in the Western District of Virginia, has committed wrongful acts within this district, and has caused Bonumose injury within this district.

12. Venue is proper in the Western District of Virginia under 28 U.S.C. §§ 1391(b) and/or (c).

## GENERAL ALLEGATIONS

13. Tagatose is a naturally occurring sugar found in low concentrations in some grains, fruits, dairy, and the cacao tree. Although having nearly the same sweetness as sucrose (table sugar), Tagatose is lower in calories, does not create health issues associated with sucrose consumption such as diabetes, obsesity, or tooth decay, and has multiple other health benefits absent from sucrose.

14. Traditionally, Tagatose has not been used widely owing to the high costs of commercial production.

15. Owing the widespread health problems cause by the overconsumption of sucrose and related sweeteners, there is a tremendous demand for the commercialization of natural alternatives to sucrose. If the costs of producing Tagatose can be reduced, there is a multi-billion dollar market for the product.

16. In 2015, CFB was researching the production of Tagatose and other naturally occurring sugars.

17.     On or about July 1, 2015, CFB hired Dr. Wichelecki as a Senior Scientist. Shortly after being hired, Dr. Wichelecki invented certain processes relating to the enzymatic production of Tagatose that were materially different than the processes CFB previously had considered ("Tagatose Invention").  Critical to the Tagatose Invention, Dr. Wichelecki discovered a new way to convert fructose 6-phosphate to tagatose 6-phosphate, and tagatose 6-phosphate to tagatose.  Using two enzymes, Dr. Wichelcki created a complete enzymatic pathway for the production of high-yields of tagatose from low-cost feedstocks such as starch. Dr. Wichelecki's Tagatose Invention is a central component of the Tagatose Trade Secrets.

18.     On October 2, 2015, CFB filed a U.S. provisional patent application for "Enzymatic Synthesis of D-Tagatose" ("Provisional Patent Application").  Dr. Wichelecki was the lead inventor, and Zhang was named as a co-inventor.  Dr. Wichelecki's and Zhang's share of the invention was owned by CFB under their employment contracts.

19.     The Provisional Patent Application was not published.  CFB (and, subsequently, Bonumose) kept as confidential and maintained as trade secrets the information within the Provisional Patent Application that constituted Tagatose Trade Secrets.

20.     The Tagatose Trade Secrets included, but were not limited to:

   A.   the identity of the two key enzymes making the enzymatic pathway viable;

   B.   the novel enzymatic pathway for producing tagatose from starch and the method of using the key enzymes in the pathway;

   C.   the methods Dr. Wichelecki used to verify and optimize the novel enzymatic pathway; and

   D.   the information about two obscure academic papers which contained hard-to-follow clues about the identity of the key enzymes.

21.     The Tagatose Trade Secrets were protected by both CFB and Bonumose.  CFB and Bonumose protected the Tagatose Trade Secrets in several ways, including, but not limited

to, these steps: (a) limiting employee access to sensitive information, (b) requiring non-disclosure agreements ("NDAs") with employees and third-parties, and (c) the use of passwords and other protections to prevent access by third-parties.

22. On April 1, 2016, Bonumose acquired certain intellectual property rights, including the Tagatose Trade Secrets and confidential information relating to the Tagatose Invention, from Zhang and CFB under an Agreement For Asset Sale And Assignment (hereinafter, the "April 2016 Agreement").

23. Under the April 2016 Agreement, Zhang and CFB agreed:

A. "[N]ot to compete against BONUMOSE, or its successors, assigns or licensees, with respect to the ASSIGNED ASSETS. For purpose of clarification but not limitation, CFB and Zhang agree not to compete against BONUMOSE, or its successors, assigns or licensees, in the production of Tagatose or Sugar Phosphates (including FBP) from starch, sucrose, cellulose, or degradation products thereof, or to assist or cooperate with competition against BONUMOSE by third-parties."

B. "[N]ot to disclose to anyone any confidential information, trade secrets, or other IP RIGHTS about the ASSIGNED ASSETS, including any disclosures in an academic setting or any disclosures in scientific or other journals or other publications."

C. To "immediately cease communications with third parties about the ASSIGNED ASSETS, and [to] refer all inquiries to BONUMOSE in a timely manner[.]"

24. Since signing the April 2016 Agreement, Bonumose independently acquired other trade secrets and confidential information relating to the Tagatose Invention.

25. Bonumose has taken and continues to take appropriate steps to protect the trade secrets and confidential information it acquired from CFB.

26. Bonumose has invested considerable time and resources in commercializing the production methods and other findings relating to the Tagatose Invention.

27. Given the need and demand for Tagatose, the Tagatose Trade Secrets are extremely valuable.

28. During all times relevant to this complaint, Zhang has been affiliated with Tianjin Institute. Zhang has a Tianjin Institute email address, and in some academic papers identifies his sole professional affiliation as being Tianjin Institute.

29. In March of 2016, Chun You became an employee of the Tianjin Institute.

30. During and after his employment with CFB, Chun You was required to keep the Tagatose Trade Secrets confidential and to not take any action which would constitute a breach of the obligations CFB owed to Bonumose under the April 2016 Agreement.

31. In violation of the obligations under the April 2016 Agreement and duties under statute and common law and during a time in which the Provisional Patent Application remained unpublished, Zhang, CFB, and Chun You wrongfully provided the Tagatose Trade Secrets to the Tianjin Institute.

32. The circumstances indicate Zhang, CFB, and Chun You received compensation or benefits from the Tianjin Institute in exchange for their wrongful disclosure of the Tagatose Trade Secrets.

33. In September of 2016 Bonumose filed a Patent Cooperation Treaty patent application ("PCT Application").

34. The Bonumose PCT Application covered the Tagatose Trade Secrets and listed China as one of the covered countries. In accordance with proper procedures, the Bonumose PCT Application was not immediately published; the information regarding the Tagatose Trade Secrets remained confidential despite the filing of the PCT Application.

35. On November 1, 2016, Tianjin Institute filed a patent application for Tagatose production ("Tianjin Patent Application") that is nearly identical to Bonumose's Provisional Patent Application.

36. The Tianjin Patent Application lists four joint inventors. Two of the four inventors are listed by name; two of the inventors are listed as anonymous at their request. On information and belief, Dr. Zhang and Dr. You are the two anonymous co-inventors for the Tianjin Patent Application.

37. Under Chinese law, it is improper to list someone as a co-inventor unless they have made creative contributions to the substantive features of the invention. In turn, although they seek to cover up their roles by hiding their names from the face of the Chinese application, Zhang and Chun You, by having themselves listed as anonymous co-inventors, are asserting a substantive role in the Tianjin Patent Application. As the anonymous co-inventors identified in the Tianjin Application, Zhang and Chun You have breached contractual, statutory, and common law duties owed to Bonumose.

38. The Tianjin Patent Application was prepared based on Bonumose's Tagatose Trade Secrets. The Tianjin Patent Application could not have been written without Tianjin Institute having the confidential, unpublished Provisional Application or Tagatose Trade Secrets, the confidential or trade secret information underlying the Tagatose Invention.

39. The Tianjin Patent Application included the same enzymatic pathway for Tagatose production found in the Provisional Patent Application, using the same enzymes. The drawings in the Tianjin Patent Application are nearly identical to the drawings in the Provisional Patent Application. The two key enzymes named in the Tianjin Patent Application are the exact same enzymes Dr. Wichelecki had discovered.

40. Zhang, CFB, and Chun You wrongly concealed their misappropriation, the wrongful disclosure to the Tianjin Institute, and the Tianjin Patent Application from Bonumose.

41. On or about April 6, 2017, the PCT Application was published. The publication of the PCT application in April of 2017 marked the first time the Tagatose Trade Secrets were publicly disclosed with Bonumose's knowledge and authorization.

7
Case 3:17-cv-00033-NKM-JCH   Document 1   Filed 05/16/17   Page 7 of 20   Pageid#: 7

42. On or around April 13, 2017, Bonumose learned of the Tianjin Patent Application from a third-party.

43. Although the information contained in Bonumose's U.S. patent application is now public owing to publication of the PCT Application in April of 2017, Bonumose was damaged by the prior disclosure and use of the Tagatose Trade Secrets while that information was confidential. The wrongful disclosure of the Tagatose Trade Secrets gave the Tianjin Institute several months of advanced knowledge of confidential information, including, but not limited to, the enzymatic pathway discovered by Dr. Wichelecki.

44. Bonumose will suffer immediate and irreparable harm if Zhang, CFB, Tianjin Institute, and Chun You are not enjoined from further use of the Tagatose Trade Secrets, further breaches of their non-disclosure obligations, further breaches of their non-competition obligation, and further breaches of their obligations to cease communications.

45. Bonumose will suffer immediate and irreparable harm if Zhang and CFB are not enjoined from competing with Bonumose in violation of the April 2016 Agreement.

46. Legal remedies would be inadequate because without an injunction, Defendants could unlawfully compete in the market, producing Tagatose in contravention of Bonumose's patent and trade secret rights.

47. Zhang, CFB, Tianjin Institute, and Chun You have caused, and will continue to cause, damages to Bonumose's business, business relationships, goodwill, and reputation.

**COUNT ONE**

**BREACH OF CONTRACT**

**(Zhang and CFB)**

48. Bonumose repeats and realleges the allegations set forth above as if fully stated herein.

49. Under the April 2016 Agreement, Zhang and CFB assigned and transferred all

right, title and interest to a broad category of identified assets which included the Tagatose Trade Secrets and confidential information related to the Tagatose Invention.

50. Under the April 2016 Agreement, Zhang and CFB agreed not to compete against Bonumose with respect to the commercialization of Tagatose based on the Tagatose Trade Secrets. For clarification but not limitation, CFB and Zhang agreed they would not compete against or assist others in competing against Bonumose, or its succors, assignor licensees, in the production of Tagatose from starch, sucrose, cellulose, or degradation products thereof.

51. The April 2016 Agreement requires Zhang and CFB not to disclose to anyone any confidential information, trade secrets, or other IP Rights about the Tagatose Trade Secrets, including any disclosures in an academic setting or any disclosures in scientific or other journals or other publications.

52. The April 2016 Agreement requires that Zhang and CFB defend Bonumose's rights to the trade secrets and confidential information, including the Tagatose Trade Secrets.

53. The April 2016 Agreement requires that Zhang and CFB shall immediately cease communications with third parties regarding the Tagatose Trade Secrets.

54. In exchange for these and other promises in the April 2016 Agreement, Bonumose issued to CFB common membership units in Bonumose and provided other valuable consideration.

55. CFB had certain, limited reversions rights under the April 2016 Agreement subject to Zhang and CFB not being in breach.

56. Zhang and CFB breached the April 2016 Agreement by disclosing the Tagatose Trade Secrets to the Tianjin Institute to assist the Tianjin Institute's efforts to compete with Bonumose regarding the commercialization of Tagatose.

57. Zhang and CFB breached the April 2016 Agreement by disclosing confidential information, including the Tagatose Trade Secrets, to the Tianjin Institute.

58. Zhang and CFB breached the April 2016 Agreement by failing to cease communications with third parties, including the Tianjin Institute, regarding the Tagatose Trade Secrets.

59. The April 2016 Agreement contains an implied covenant of good faith and fair dealing.

60. Zhang and CFB are in breach of the express terms of the April 2016 Agreement.

61. Zhang and CFB are in breach of the implied covenant of good faith and fair dealing in the April 2016 Agreement.

62. Bonumose has complied with all of its obligations under the April 2016 Agreement.

63. Owing to their breaches, CFB does not have reversionary rights.

64. Because of the breaches by Zhang and CFB, Bonumose has been damaged.

65. Bonumose has been injured in an amount in excess of any applicable jurisdictional amount, an amount to be proven at trial.

66. Bonumose is entitled to an injunction enjoining Zhang and CFB from further use of the Tagatose Trade Secrets or other confidential information, and from further acts related to the Tagatose Invention.

## COUNT TWO

### DECLARATORY JUDGMENT

**(Zhang and CFB)**

67. Bonumose repeats and realleges the allegations set forth above as if fully stated herein.

68. An actual, justiciable controversy now exists between Bonumose and Zhang and CFB. The interests of Bonumose and the interests of Zhang and CFB are adverse. The interests are of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

69. Zhang and CFB assigned to Bonumose their rights in the Tagatose Trade Secrets and confidential information related to the Tagatose Invention. Zhang and CFB had no right in the Tagatose Trade Secrets or confidential information related to the Tagatose Invention to transfer to Tianjin Institute.

70. CFB had certain reversion rights which would be triggered if, and only if, (1) Bonumose failed to meet certain identified milestones or pay certain identified distributions and (2) Zhang and CFB both were not in breach of their obligations under the April 2016 Agreement.

71. Bonumose has meet all of the milestones and satisfied all of its obligations under the April 2016 Agreement, including the payment of distributions.

72. Zhang and CFB breached the April 2016 Agreement.

73. Under the April 2016 Agreement, Bonumose owed continuing obligations to CFB and Zhang only so long as CFB and Zhang were not in breach.

74. Bonumose are entitled to a declaration of this Court clarifying the rights of the parties under the April 2016 Agreement and specifically declaring (1) that Zhang and CFB are in breach of contract and accordingly CFB does not have reversionary rights under the April 2016 Agreement, and (2) Zhang and CFB are in breach of contract and accordingly Bonumose does not owe any further duties to CFB, including duties for further payment.

## COUNT THREE

## MISAPPROPRIATION OF TRADE SECRETS

## VIRGINIA UNIFORM TRADE SECRETS ACT ("VUTSA")

## VA. CODE ANN. § 59.1-336 – 59.1-343

**(Zhang, CFB, Tianjin Institute, Chun You)**

75. Bonumose repeats and realleges the allegations set forth above as if fully stated herein.

76. Bonumose is a person within the meaning of Va. Code Ann. § 59.1-336 and is

entitled to bring this action under VUTSA.

77. The Tagatose Trade Secrets are trade secrets within the meaning of Va. Code Ann. § 59.1-336.

78. The Tagatose Trade Secrets required substantial time, effort, and expense to develop.

79. The Tagatose Trade Secrets were sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from their disclosure or use. During the time of the wrongful conduct, this information was not readily available from any one public source, and would not be readily ascertainable through proper means by those outside of Bonumose.

80. Reasonable efforts have been made to maintain the secrecy and confidentiality of the trade secrets.

81. Tianjin Institute has misappropriated the Tagatose Trade Secrets by:

　　a. Acquiring the Tagatose Trade Secrets through improper means including inducement of a breach of CFB's, Zhang's and/or Chun You's obligation to maintain secrecy, espionage, and/or theft. At the time of such acquisition, Tianjin Institute knew or had reason to know that the trade secrets were acquired by improper means.

　　b. Disclosing and/or using the trade secrets in a patent application for Tagatose production, without Bonumose's express or implied consent. At the time of the disclosure and/or use of the trade secrets, Tianjin Institute knew or had reason to know that its knowledge of the trade secrets was derived from or through a person who had utilized improper means to acquire it, acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, or derived from or

through a person who owed a duty to Bonumose to maintain its secrecy or limit its use.

82. Zhang and CFB have misappropriated the Tagatose Trade Secrets by disclosing and/or using the trade secrets without Bonumose's express or implied consent. Disclosure and/or use of the trade secrets are expressly prohibited under the April 2016 Agreement, to which Zhang and CFB are parties. At the time of the disclosure and/or use of the trade secrets, Zhang and CFB knew or had reason to know that they owed a duty to Bonumose to maintain secrecy or limit the use of the trade secrets.

83. Chun You has misappropriated the Tagatose Trade Secrets by disclosing and/or using the trade secrets without Bonumose's express or implied consent. At the time of the disclosure and/or use of the trade secrets, Chun You knew or had reason to know that he owed a duty to Bonumose to maintain secrecy or limit the use of the trade secrets.

84. Upon information and belief, Zhang, CFB, Tianjin Institute, and Chun You intended to cause Bonumose actual or constructive harm through their acquisition of the Tagatose Trade Secrets through improper means. Zhang's, CFB's, Tianjin Institute's, and/or Chun You's conduct constitutes willful and malicious conduct under the VUTSA.

85. Zhang's, CFB's, Tianjin Institute's, and/or Chun You's misappropriation of the Tagatose Trade Secrets has caused, and will continue to cause, irreparable harm and damages to Bonumose's business, business relationships, goodwill, and reputation. Bonumose may recover the damages arising out of Zhang's, CFB's, Tianjin Institute's, and/or Chun You's misconduct. Bonumose may also recover punitive damages. Bonumose has been damaged in an amount to be proven at trial.

86. Bonumose is entitled to an injunction enjoining Zhang, CFB, Tianjin Institute, and Chun You from further use of the Tagatose Trade Secrets or other confidential information related to the Tagatose Invention.

87. In addition, Bonumose has expended, and will continue to expend attorneys' fees and costs to remedy the misappropriation of trade secrets, which are recoverable under the VUTSA.

## COUNT FOUR

## MISAPPROPRIATION OF TRADE SECRETS

## DEFEND TRADE SECRETS ACT

## 18 U.S.C. §§ 1831 – 1839

### (Zhang, CFB, Tianjin Institute, Chun You)

88. Bonumose repeats and realleges the allegations set forth above as if fully stated herein.

89. The Tagatose Trade Secrets are trade secrets within the meaning of 18 U.S.C. § 1839.

90. The Tagatose Trade Secrets are related to a product intended for use in interstate or foreign commerce.

91. The Tagatose Trade Secrets required substantial time, effort, and expense to develop.

92. The Tagatose Trade Secrets were sufficiently secret to derive economic value, actual or potential, from not being generally known to other persons who can obtain economic value from their disclosure or use. During the time of the wrongful conduct, this information was not readily available from any one public source, and would not be readily ascertainable through proper means by those outside of Bonumose.

93. Reasonable efforts have been made to maintain the secrecy and confidentiality of the trade secrets.

94. Tianjin Institute misappropriated the Tagatose Trade Secrets by:

14

a. Acquiring the trade secrets, knowing or with reason to know, that the trade secrets were acquired by improper means. Improper means include inducement of a breach of Zhang's, CFB's, and/or Chun You's obligation to maintain secrecy, espionage, and/or theft. At the time of such acquisition, Tianjin Institute knew or had reason to know that the trade secrets were acquired by improper means.

b. Disclosing and/or using the trade secrets in a patent application for tagatose production, without Bonumose's express or implied consent. At the time of the disclosure and/or use of the trade secrets, Tianjin Institute knew or had reason to know that its knowledge of the trade secrets was derived from or through a person who utilized improper means to acquire it, acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use, or derived from or through a person who owed a duty to Bonumose to maintain its secrecy or limit its use.

c. Copying, downloading, uploading, replicating, transmitting, communicating, conveying, receiving, buying, and/or possessing the Tagatose Trade Secrets. At the time of such conduct, Tianjin Institute intended or knew that its conduct would benefit the Chinese government, an instrumentality of the Chinese government, and/or an agent of the Chinese government.

d. Conspiring with Zhang, CFB, and/or Chun You to engage in the conduct described in Paragraph 94 subsections (a) through (c). At the time of such conspiracy, Tianjin Institute intended or knew that its conduct would benefit the Chinese government, an instrumentality of the Chinese government, and/or an agent of the Chinese government.

95. CFB and Zhang have misappropriated the Tagatose Trade Secrets by:

a. Disclosing and/or using the trade secrets without Bonumose's express or implied consent. Disclosure and/or use of the trade secrets are expressly prohibited under

the April 2016 Agreement, to which CFB and Zhang are parties.  At the time of the disclosure and/or use of the trade secrets, CFB and Zhang knew or had reason to know that they owed a duty to Bonumose to maintain secrecy or limit the use of the trade secrets.

    b. Copying, downloading, uploading, replicating, transmitting, communicating, conveying, receiving, buying, and/or possessing Bonumose's trade secrets.  At the time of such conduct, CFB and Zhang intended or knew that their conduct would benefit the Chinese government, an instrumentality of the Chinese government, and/or an agent of the Chinese government.

    c. Conspiring with each other, Tianjin Institute, and/or Chun You to engage in the conduct described in Paragraph 95 subsections (a) and (b).  At the time of such conspiracy, CFB and Zhang intended or knew that its conduct would benefit the Chinese government, an instrumentality of the Chinese government, and/or an agent of the Chinese government.

96. Chun You has misappropriated the Tagatose Trade Secrets by:

    a. Disclosing and/or using the trade secrets without Bonumose's express or implied consent.  At the time of the disclosure and/or use of the trade secrets, Chun You knew or had reason to know that he owed a duty to Bonumose to maintain secrecy or limit the use of the trade secrets.

    b. Copying, downloading, uploading, replicating, transmitting, communicating, conveying, receiving, buying, and/or possessing Bonumose's trade secrets.  At the time of such conduct, Chun You intended or knew that his conduct would benefit the Chinese government, an instrumentality of the Chinese government, and/or an agent of the Chinese government.

16
Case 3:17-cv-00033-NKM-JCH   Document 1   Filed 05/16/17   Page 16 of 20   Pageid#: 16

c. Conspiring with Zhang, CFB, and/or Tianjin Institute to engage in the conduct described in Paragraph 96 subsections (a) and (b). At the time of such conspiracy, Chun You intended or knew that its conduct would benefit the Chinese government, an instrumentality of the Chinese government, and/or an agent of the Chinese government.

97. Zhang's, Tianjin Institute's, CFB's, and/or Chun You's misappropriation of Bonumose's trade secrets has caused, and will continue to cause, irreparable harm and damages to Bonumose's business, business relationships, goodwill, and reputation. Bonumose may recover the damages arising from Zhang's, CFB's, Tianjin Institute's, and/or Chun You's misconduct. Bonumose may also recover exemplary damages. Bonumose has been damaged in an amount to be proven at trial.

98. Zhang, Tianjin Institute, CFB, and/or Chun You willfully and maliciously misappropriated Bonumose's trade secrets.

99. Bonumose is entitled to an injunction enjoining Zhang, CFB, Tianjin Institute, and Chun You from further use of the Tagatose Trade Secrets or other confidential information related to the Tagatose Invention.

100. In addition, Bonumose has expended, and will continue to expend attorneys' fees and costs to remedy the misappropriation of trade secrets, which are recoverable under 18 U.S.C. § 1836.

### COUNT FIVE

### CIVIL CONSPIRACY

**(Zhang, CFB, Tianjin Institute, Chun You)**

101. Bonumose repeats and realleges the allegations set forth above as if fully stated herein.

102. Zhang, Tianjin Institute, CFB, and Chun You combined, associated, agreed, or

17
Case 3:17-cv-00033-NKM-JCH   Document 1   Filed 05/16/17   Page 17 of 20   Pageid#: 17

mutually undertook together to willfully and maliciously injure Bonumose in its reputation, trade, business, or profession.

103. Zhang, Tianjin Institute, CFB, and Chun You combined to accomplish through concerted action, a criminal or unlawful purpose.

104. Zhang, CFB, Tianjin Institute, and Chun You intentionally, purposefully, and without justification obtained Bonumose's proprietary information in the production of Tagatose and used that information to file the Tianjin Patent Application.

105. The conduct of Zhang, CFB, Tianjin Institute, and Chun You caused and will continue to cause irreparable harm and damages to Bonumose's business, business relationships, goodwill, and reputation. Bonumose has been damaged in an amount to be proven at trial.

106. Bonumose is entitled to an injunction enjoining Zhang, CFB, Tianjin Institute, and Chun You from further use of the Tagatose Trade Secrets or other confidential information related to the Tagatose Invention.

## COUNT SIX

### CONVERSION

**(Zhang, CFB, Tianjin Institute, Chun You)**

107. Bonumose repeats and realleges the allegations set forth above as if fully stated herein.

108. Bonumose owned (and owns) the information required for the production of Tagatose.

109. At the time Bonumose owned this information, Zhang, CFB, Tianjin Institute, and/or Chun You wrongfully exercised dominion or control over the information required for the production of Tagatose, inconsistent with Bonumose's rights.

110. Zhang, CFB, Tianjin Institute, and/or Chun You acted with willful or wanton disregard for Bonumose's rights. Such conduct was malicious and warrants an award of punitive

damages.

111. The conduct of Zhang, CFB, Tianjin Institute, and/or Chun You caused and will continue to cause irreparable harm and damages to Bonumose's business, business relationships, goodwill, and reputation. Bonumose has been damaged in an amount to be proven at trial.

112. Bonumose is entitled to an injunction enjoining Zhang, CFB, Tianjin Institute, and Chun You from further use of the Tagatose Trade Secrets or other confidential information related to the Tagatose Invention.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests entry of judgment in its favor and against defendant APC as follows:

    A. An award of damages to Bonumose, including but not limited to compensatory damages, punitive damages, and/or exemplary damages;

    B. An award of pre-judgment interest and post-judgment interest on the damages awarded;

    C. Issuance of preliminary and permanent injunctions enjoining Zhang, CFB, Chun You and Tianjin Institute from further use of the Tagatose Trade Secrets or other confidential information related to the Tagatose Invention;

    D. A declaration that (1) Zhang and CFB breached their obligations under the April 2016 Agreement, (2) CFB has no reversion rights under the April 2016 Agreement, and (3) Bonumose owes no further duties to CFB, including, but not limited to, obligations to make further payments to CFB.

    E. Such other and further relief as the Court deems just.

Plaintiff demands trial by jury.

DATED: May 16, 2017.

*s/ Hope Hamilton*
Hope Hamilton, VSB No. 65521
*Attorney for Plaintiff, Bonumose Biochem LLC*

HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, Colorado 80302
Tel: 303-473-4822
Fax: 303-416-8842
Email: hihamilton@hollandhart.com

9845078_5.docx