IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| BONUMOSE BIOCHEM LLC, a Virginia limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>YI-HENG PERCIVAL ZHANG, individually, and CELL-FREE BIOINNOVATIONS, INC., a Virginia corporation,<br><br>    Defendants. | **REQUEST FOR SCHEDULING ORDER OR, IN THE ALTERNATIVE, A SCHEDULING CONFERENCE**<br><br>Civil Action No. 3:17-cv-00033<br><br>Judge Glen E. Conrad |

COMES NOW Plaintiff Bonumose Biochem LLC ("Bonumose"), by and through its attorneys of record, Holland & Hart LLP, and requests that the Court set a Scheduling Order or set a telephonic Scheduling Conference in this matter. Although the lawsuit was filed on March 16, 2017 and both Defendants were served on June 9, 2017, there still has been no Scheduling Conference or Scheduling Order set in this case. A Scheduling Order or Scheduling Conference is needed to ensure an efficient resolution of the business disputes that are the subject of this lawsuit and to address concerns regarding the potential spoliation of discoverable materials by Defendants.

## ARGUMENT

**I. The Case Has Been Pending Since May 2017 But No Scheduling Order Has Been Issued**

The Complaint in this matter was filed on May 16, 2017 (*see* ECF No.1), and both Defendants were served by June 9, 2017 (*see* ECF Nos. 5 & 8). Under Rule 16(b)(2) of the Federal Rules of Civil Procedure, a Scheduling Order should have been entered "within the earlier of 90 days after any defendant has been served with the

1

complaint or 60 days after any defendant has appeared."  This means that a Scheduling Order should have been issued by September 2017, with a Scheduling Conference held prior to that date, if needed.  A Scheduling Order is therefore overdue in this matter.

Here, Bonumose seeks to resolve breach of contract, trade secret, and other claims against Defendants.  Bonumose's business has been adversely impacted by Defendants' actions; the adverse impact will persist until the claims are resolved.

The lawsuit is stalled.  With no Scheduling Order in place, Defendants have not agreed to proceed with a Rule 26 conference or other steps to get the litigation moving forward.  Accordingly, Bonumose is stuck, unable to obtain needed discovery from the Defendants and unable to conduct third-party discovery in support of its claims.

To be clear, Bonumose appreciates that on January 10, 2018, the Court Administrator provided the parties with available trial dates upon which the Court could issue a Scheduling Order.  However, the parties were unable to agree upon the proposed trial dates.  Based on the dates circulated by the Court Administrator, Bonumose has provided dates that it is available for trial.  Bonumose does not know whether the Defendants will respond to the proposed dates.

As a result, the entry of Scheduling Order or, alternatively, a Scheduling Conference is needed to ensure the case moves forward.

II. **Defendant Zhang Allegedly Failed to Comply with Subpoenas Issued by the U.S. Government and May Similarly Conceal Evidence or Delay Discovery in this Case**

Bonumose properly is concerned that the continuing delay will increase the chances for spoliation of evidence.  Bonumose's concerns regarding the spoliation of evidence were further increased by the recent filing of a Superseding Indictment in a criminal action against one of the Defendants.

Defendant Yi-Heng Percival Zhang ("Zhang") currently is a defendant in a criminal matter in this District.  *See United States v. Zhang*, Case No. 7:17-CR-73

(W.D. Va.). On November 21, 2017, Zhang was indicted and charged with making materially false, fictitious, and fraudulent statements and representations to the U.S. Government, in violation of 18 U.S.C. § 1001(a)(2), and with presenting a claim upon or against an agency of the United States, knowing such claim to be false, fictitious, and fraudulent, in violation of 18 U.S.C. § 287. *See* ECF No. 37 in Case No. 7:17-CR-73 (W.D. Va.). Viewing Zhang to be a flight risk, the Court ordered him to surrender his passports, placed him on home incarceration, and required him to submit to a location monitoring program. *See* ECF No. 53 in Case No. 7:17-CR-73 (W.D. Va.).

On January 18, 2018, the prosecutors filed a Superseding Indictment, which, *inter alia*, added charges for wire fraud, in violation of 18 U.S.C. § 1343, and for "knowingly alter[ing], destroy[ing], conceal[ing], cover[ing] up, falsify[ing], and mak[ing] false entries in a record, document, and tangible object, to wit: timesheets, with the intent to impede, obstruct, and influence the investigation and proper administration of any matter with the jurisdiction of any department or agency of the United States," in violation of 18 U.S.C. § 1519. *See* ECF No. 63 in Case No. 7:17-CR-73 (W.D. Va.). In relevant part, the Superseding Indictment states:

> On or about June 24, 2016 and July 27, 2016, the NSF Office of Inspector General (OIG) issued Subpoena Nos. S-2016-018 and S-2016-033, respectively, to CFB for documentation related to its NSF and DOE awards, including timesheets. ZHANG provided an initial response received August 16, 2016 that included ledgers, subcontracting agreements, personnel records, a payroll summary, and leasing documents, but did not include any timesheets. On August 10, 2016 ZHANG certified to NSF OIG that the materials provided in response to the NSF OIG subpoenas were "genuine, complete and in full compliance with the demands in the subpoena." ZHANG also certified that he was authorized to make this representation on behalf of CFB. After reviewing the records produced, on November 15, 2016, NSF OIG emailed ZHANG to determine whether the timesheets requested under item 1.c.i. would be produced pursuant to the subpoenas' demands. The same day, ZHANG sent two separate email attachments, containing approximately 49 pages of timesheets.

3

> During the execution of a search warrant at ZHANG'S residence on September 20, 2017, numerous additional timesheets were located that were not produced pursuant to the NSF OIG subpoenas. These additional records showed differing sets of CFB employee timesheets for the same period, including three different sets of timesheets covering the same period for two CFB employees and two different sets of timesheets covering the same period for ZHU.

*Id.* at p. 13.

Given that Zhang allegedly flouted U.S. Government subpoenas, even under the threat of criminal prosecution, Bonumose is concerned that Zhang will fail to adequately comply with the requirements of discovery in this matter, as well. Further, Bonumose is concerned that, if Zhangs' situation in the criminal matter becomes increasingly dire, he will have no incentive to properly preserve discoverable information regardless of the personal consequences.

**III. Conclusion**

Bonumose therefore respectfully requests the Court set a Scheduling Order or set a telephonic Scheduling Conference so that these issues may be addressed and so that the case can be litigated and resolved in an efficient and timely manner.

Dated this 5th day of February, 2018.

/s/ Erik F. Stidham
Erik F. Stidham, Admitted *Pro Hac Vice*
Brett C. Ruff, Admitted *Pro Hac Vice*
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, ID 83701-2527
Phone: (208) 342-500
Facsimile: (208) 343-8869
E-mail: efstidham@hollandhart.com
E-mail: bcruff@hollandhart.com

Hope Hamilton, VSB #65521
HOLLAND & HART LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
Phone: (303) 473-4822
Facsimile: (303) 416-8842
E-mail: hihamilton@holladhart.com

Michael J. O'Leary, Admitted *Pro Hac Vice*
HOLLAND & HART LLP
975 F Street NW, Suite 900
Washington, D.C. 20004
Tel: (202) 393-6500
E-mail: mjoleary@hollandhart.com

Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Joshua F.P.Long<br>Woods Rogers PLC<br>P.O. Box 14125<br>Roanoke, VA  24038-4125<br>Telephone: (540) 983-7725/ Fax: (540) 983-7711 | jlong@woodsrogers.com |
| Nathan A. Evans<br>Woods Rogers PLC<br>123 East Main Street, Suite 500<br>Charlottesville, VA  22902<br>Telephone: (434) 220-6829 / Fax: (434) 220-5687 | nevans@woodsrogers.com |
| James Hopenfeld (Admitted *Pro Hac Vice*)<br>Evan Budaj (Admitted *Pro Hac Vice*)<br>Singer/Bea LLP<br>601 Montgomery Street, Suite 1950<br>San Francisco, CA  94111<br>Telephone: (415) 500-6080 | jhopengeld@singerbea.com<br>ebudaj@singerbea.com |

/s/ Erik F. Stidham
Erik F. Stidham, Admitted *Pro Hac Vice*
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, ID 83701-2527
Phone: (208) 342-500
Facsimile: (208) 343-8869
E-mail: efstidham@hollandhart.com

Attorney for Plaintiff