# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF VIRGINIA

# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| BONUMOSE BIOCHEM LLC, a Virginia limited liability company, and BONUMOSE LLC, a Virginia limited liability company,<br><br>    Plaintiffs,<br><br>vs.<br><br>YI-HENG PERCIVAL ZHANG, individually, and CELL-FREE BIOINNOVATIONS, INC., a Virginia corporation,<br><br>    Defendants.<br><hr>CELL-FREE BIOINNOVATIONS, INC., a Virginia corporation, and DR. YI-HENG PERCIVAL ZHANG, an individual,<br><br>    Counterclaimants,<br><br>vs.<br><br>BONUMOSE BIOCHEM LLC, a Virginia limited liability company, BONUMOSE LLC, a Virginia limited liability company, EDWIN O. ROGERS, an individual, and TEREBINTH STRATEGIC MANAGEMENT, LLC,<br><br>    Counterclaim-Defendants. | CASE NO. 3:17-CV-00033-NKM-JCH<br><br>**DEFENDANT/COUNTERCLAIMANT CELL-FREE BIOINNOVATIONS, INC. AND DEFENDANT PROF. YI-HENG PERCIVAL ZHANG'S REPLY IN SUPPORT OF MOTION TO STRIKE COUNTERCLAIM DEFENSES** |

Defendant/Counterclaimant Cell-Free Bioinnovations, Inc. ("CFB") and Defendant Dr. Yi-Heng Percival Zhang ("Prof. Zhang" and, together with CFB, "Defendants") hereby submit this Reply in Support of their Motion (Dkt. No. 222) to strike Plaintiffs' Bonumose Biochem LLC and Bonumose LLC's (collectively, "Bonumose" or "Plaintiffs") Defenses to Counterclaims (Dkt. No. 217).

## I. CONCLUSORY DEFENSES ARE NOT ADEQUATELY PLEAD UNDER ANY STANDARD

Plaintiffs do not dispute that they did not plead any facts in support of the ten "affirmative defenses" asserted against Defendants' sole counterclaim. Plaintiffs argue instead that they need not plead such facts because their defenses are "contextually comprehensible." But that is not the standard for pleading defenses, and even if it were, Plaintiffs' conclusory, incomprehensible defenses would not meet it.

As demonstrated below, the pleading standards of *Iqbal/Twombly* should apply to Plaintiffs' affirmative defenses. But even if this Court applies pre-*Iqbal/Twombly* standards, Plaintiffs' defenses must be dismissed because: (1) the Court has already resolved in Defendants' favor, in rulings that are now law of the case, Plaintiff's purported defenses based on failure to state a claim and waiver; (2) the defense of fraud was not pleaded with specificity as required by Fed. R. Civ. P. 9(b); (3) most of the remaining defenses are not defenses at all; and (4) Plaintiffs' defenses are futile, fail to provide notice, and interposed only to burden Defendants with unnecessary discovery. None of the defenses would have any material effect on the outcome of the case, but would add unnecessarily to the burdens of discovery and motion practice.

## II. *IQBAL/TWOMBLY'S* PLEADING STANDARDS APPLY TO AFFIRMATIVE DEFENSES

Plaintiffs first argue that this Court should disregard *Palmer v. Oakland Farms, Inc.*, No. 5:10-cv-29, 2010 WL 2605179 (W.D. Va. June 24, 2010), which established the rule in this District that the heightened pleading standards that apply to claims and counterclaims under *Iqbal/Twombly*[1] also should apply to affirmative defenses.

---

[1] *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

It is true that courts have split on the question as to whether *Iqbal/Twombly* pleading standards apply to affirmative defenses. The *Palmer* court addressed extensively that split of authority. The court determined in the end that applying the *Iqbal/Twombly* standard to affirmative defenses not only is legally correct, but also is fair and advances the purpose of Rule 12(f).

While its holding technically is not binding on this court, *Palmer's* reasoning remains good today. Nearly three dozen cases within this Circuit alone have cited *Palmer* with approval. *See, e.g.*, *Topline Solution, Inc. v. Sandler Systems, Inc.*, No. ELH-09-3102, 2017 WL 1862445, *39 (D. Md. May 8, 2017); *Francisco v. Verizon South, Inc.*, No. 3:09-cv-737, 2010 WL 2990159 *7 (E.D. Va. July 29, 2010). This makes sense: applying the same pleading standard to claims and defenses discourages "hide the ball" strategies that breed unnecessary satellite disputes and unnecessarily burdensome discovery. Applying *Palmer* would, moreover, prevent a split of authority in this District and the pleading confusion that inevitably would ensue.

Plaintiffs do not cite a single decision from this district declining to follow *Palmer* as applied to affirmative defenses. Plaintiffs cite this Court's decision in *Hooper v. BWXT Government Group, Inc.*, No. 6:16-cv-37, 2016 WL 6538000 *2 (W.D. Va. Nov. 3, 2016), but that case involved a motion to strike allegations in a *complaint*, not affirmative defenses in an *answer*, as this Court recognized. Plaintiffs also cite a 2011 decision from the Eastern District of Virginia, *Lopez v. Asmar's Meditarranean Food, Inc.*, No. 1:10-cv-1218 JCC, 2011 WL 98573 at *2 (E.D. Va. Jan. 10, 2011), but do not cite a single decision from this district court following it. Indeed, *Lopez* recognized that application of the *Iqbal/Twombly* standard to affirmative defenses is the approach of the majority of courts. *Id.* at *1; *see also Aguilar v. City Lights of China Rest., Inc.*, No. DKC 11-2416, 2011 WL 5118325, at *3 (D. Md. Oct. 24, 2011) (placing *Lopez* in "the small minority of courts within this circuit" and rejecting its reasoning in favor of that applied in *Palmer* and others).

Even were its reasoning persuasive—and it is not—*Lopez* also is factually distinguishable. In that case the affirmative defenses had been pleaded early in the case, before substantial discovery had taken place, and in which there was adequate time for discovery to

narrow the issues. Not so here, where discovery is set to conclude in March, and even if discovery is extended to allow for further depositions discovery will remain in the late stages. At the time Plaintiffs asserted their defenses, they already had the benefit of discovery, including substantial document production. Plaintiffs had no good reason for failing to provide a more specific pleading.

The parallels between this case and *Palmer* are—no pun intended—striking. As in *Palmer,* this case involves single-sentence pleadings that do little inform the opposing party as to what is in issue. If the Court applies *Palmer*, as it should, Defendants' motion to strike must be granted.

### III. PLAINTIFFS' DEFENSES ARE INADEQUATE EVEN UNDER PRE-*IQBAL/TWOMBLY* PLEADING STANDARDS

Plaintiffs concede that even if *Iqbal/Twombly* pleading standards do not apply to affirmative defenses, such defenses must put Defendants on "fair notice of the nature of the defense." According to Plaintiffs, it is enough if defenses are "contextually comprehensible."

Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Prior to *Iqbal/Twombly*, "a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (*quoting* Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1381 (1990 ed.) at 665).

Even courts that do not apply the *Iqbal/Twombly* standard require defenses to be pleaded to provide sufficient notice to the claimant. *See Sedgwick Homes, LLC v. Stillwater Homes*, No. 5:16-cv-49, 2016 WL 4499313, *2 (W.D. N.C. Aug. 25, 2016). "To survive a motion to strike, a defense must be more than a mere 'bare-bones conclusory allegation which simply names a legal theory but does not indicate how the theory is connected to the case at hand.'" *Id.* (quoting *Espinoza v. Mex-Am Café, LLC*, No. 1:14-cv-30, 2015 WL 5431949, *6 (M.D.N.C. Sep. 15, 2015) (*Espinoza*'s internal quotations omitted)).

In addition, any defense based on fraud can be sustained only if plead with specificity under Fed. R. Civ. P. 9(b). *Bakery & Confectionary Union & Industry International Pension*

*Fund v. Just Born II, Incorporated*, 888 F.3d 696, 704-05 (4th Cir. 2018) (affirming district court's striking of fraud defense).

Under any reasonable pleading standard, Plaintiffs' affirmative defenses fail to meet it.

Plaintiffs' first defense, "failure to state a claim," is not an affirmative defense at all, because it does not require proof of additional facts beyond those of the claim. *Villa v. Ally Financial, Inc.*, No. 1:13-cv-953, 2014 WL 800450, *2 (M.D. N.C. Feb. 28, 2014). And, as Defendants pointed out in their opening brief, that defense already has been brought by motion and rejected by this Court. The Court's rejection of that defense is now law of the case.

Plaintiff's second defense is "fraud relating to the AASA." Fraud is a defense that, pursuant to Fed. R. Civ. P. 9(b), must be plead with "particularity." *Just Born II, supra*. Plaintiffs' one-sentence pleading does not even attempt to address that standard. Plaintiff merely claims that Defendant CFB must "know" the basis of the defense based on scattershot paragraphs in its Second Amended Complaint. Plaintiffs do not even specify the elements of this defense.

Plaintiffs' third defense is that Defendants' breach of contract counterclaim is barred by laches, estoppel, or waiver. "[E]ven before *Twombly* and *Iqbal*, the defenses of waiver, estoppel and laches were consistently struck when pled without reference to some facts." *Topline Solution, Inc. v. Sandler Systems, Inc.*, No. L-09-3102, 2010 WL 2998836, at *2 (D.Md. July 27, 2010); *accord Palmer*, No. 5:10-cv-29, 2010 WL 2605179, at *6. Without any supporting facts, these "defenses" do not provide fair notice and thus are invalid under the law.

Once again, Plaintiffs argue that Defendants somehow "know" the basis of the third defense based on scattershot allegations of the Second Amended Complaint. Plaintiffs make no attempt to address or explain any of the elements of these defenses, however, much less link them to facts alleged in the Second Amended Complaint. Plaintiffs do not, for example, explain how Defendants' counterclaims were delayed for purposes of a "laches" defense. (Nor could they, as Defendants brought them before this Court resolved their motion to dismiss Plaintiffs' first amended complaint, that is, arguably *before* it was procedurally ripe to do so.) Nor do Plaintiffs' identify any act on the part of Defendant CFB that would have reasonably lead Plaintiffs to believe Defendant would not assert its rights, as required by "estoppel." And

Plaintiffs do not point to any act, much less a "knowing and intelligent" act, that could amount to a waiver of the breach of contract counterclaim. Indeed, the Court already addressed this defense when it denied Plaintiffs' motion to arbitrate, which contended that Defendants had waived their right to bring suit in federal court. This defense too has been rejected, and that is law of the case.

The remainder of Plaintiffs' "affirmative defenses" do not appear to be affirmative defenses at all, much less valid defenses. *See, e.g. Villa*, 2014 WL 800450 *2. None of them is identified as an "affirmative defense" in Fed. R. Civ. P. 8(c), which lists the general affirmative defenses. If there is any support for any of these defenses under Virginia law, Plaintiffs have not provided it. And even if these were somehow deemed to be "affirmative defenses," Plaintiffs again have not provided any factual support that begins to put Defendants on notice of the basis of the defense. Instead, Plaintiffs offer vague, conclusory statements that "Defendant CFB knows the basis" of the defense.

Assertion of any of these defenses would prejudice Defendants. In the case of the defenses that this Court already has resolved, Defendants would be forced to undergo the needless time and expense of relitigating them. The other defenses would require further unnecessary expense to develop in discovery and, given the late stage of discovery, pose a serious risk of undue delay, and will only result in needless motion practice (*e.g.* summary judgment). The defenses also would distract from the main issues at trial. If the defenses had any merit, surely Plaintiffs would have set forth their facts and theories supporting them.

## IV. PLAINTIFFS COULD HAVE AVOIDED THIS DISPUTE

Defendants agree with Plaintiffs that this motion raises an issue that need not have consumed the Court's time. Defendants afforded Plaintiffs every opportunity to resolve the issue without recourse to the Court.

Prior to filing this motion, Defendants directed Plaintiffs to *Palmer*. Both in writing and during telephonic meet and confer, Defendants asked Plaintiffs to provide any authority supporting the notion that their vague, single-sentence defenses were adequately plead. Plaintiffs declined to address *Palmer* or provide any case law supporting their pleading. They instead

insisted without authority or elaboration that their defenses were "sufficient." Indeed, Plaintiffs did not attempt to provide any authority until *after* Defendants were forced to file this motion. But, as explained above, the authority Plaintiffs ultimately provided was inapposite and contrary to dozens of opinions in the Fourth Circuit. And Plaintiffs' defenses are insufficient even under Plaintiffs' authority.

When it became apparent Plaintiffs would have to submit an opposition to the motion without adequate authority, much less any legal justification for its defenses under the pre-*Iqbal/Twombly* standard, Plaintiffs proposed a stipulation by which it agreed to drop five of the ten defenses and provide contention interrogatory responses for the remainder. Despite the fact that the stipulation would have been highly favorable to Plaintiffs, Defendants agreed to the stipulation provided Plaintiffs would agree to provide "complete" interrogatory responses. When Plaintiffs refused to commit to provide "complete" responses, the parties reached an impasse. Plaintiffs' proposal only would have resulted in further motion practice.

Plaintiffs also blame Defendants for delaying discovery. But it is Plaintiffs who are responsible for delay. Defendants have provided substantially all requested discovery save for the deposition of Defendant Prof. Zhang, whose criminal trial remains pending. This Court has repeatedly ruled that, in order to protect Prof. Zhang's Fifth Amendment rights, his deposition should not proceed until a verdict is reached in the criminal case. Meanwhile, with the Court's approval, Plaintiffs have refused to allow Defendants any opportunity to depose Plaintiffs' key witnesses, despite the fact that none of them are on trial, and their time to testify at the criminal trial has passed. If Plaintiffs truly wanted discovery to proceed, they would have permitted Defendants to take depositions of Plaintiffs in the meantime, leaving Prof. Zhang's deposition as the only discovery needed after the criminal verdict. Instead, Plaintiffs have created deposition stalemate, and now seek to blame Defendants for their own delay.

## V. CONCLUSION

Because Plaintiffs' Affirmative Defenses are not adequately pleaded, because those defenses add nothing to this case, and because Plaintiffs have no good cause for failing to

provide adequate pleading despite several months' notice, Plaintiff's affirmative defenses should be STRICKEN.

Dated: February 5, 2019

Respectfully submitted,

By: /s/     James. E. Hopenfeld
Nathan A. Evans (VSB No. 46840)
Joshua F. P. Long (VSB No. 65684)
Woods Rogers PLC
123 East Main Street, Suite 500
Charlottesville, VA 22902
Tel: 540-983-7725
Fax: 434-220-5687
nevans@woodsrogers.com
jlong@woodsrogers.com

James E. Hopenfeld (admitted *pro hac vice*)
Doug Tilley (admitted *pro hac vice*)
Singer Bea LLP
601 Montgomery Street, Ste. 1950
San Francisco, CA 94111
Tel: 202-656-5097
Fax: 415-500-6080
jhopenfeld@singerbea.com
dtilley@singerbea.com

*Counsel for Defendants/Counterclaimants Prof. Yi-Heng Percival Zhang and Cell-Free Bioinnovations, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of February, 2019, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: /s/   James. E. Hopenfeld
Nathan A. Evans (VSB No. 46840)
Joshua F. P. Long (VSB No. 65684)
Woods Rogers PLC
123 East Main Street, Suite 500
Charlottesville, VA 22902
Tel:  (540) 983-7725
Fax:  (434) 220-5687
nevans@woodsrogers.com
jlong@woodsrogers.com

James E. Hopenfeld (admitted *pro hac vice*)
Doug Tilley (admitted *pro hac vice*)
Singer Bea LLP
601 Montgomery Street, Ste. 1950
San Francisco, CA 94111
Tel:  (202) 656-5097
Fax:  (415)500-6080
jhopenfeld@singerbea.com
dtilley@singerbea.com

*Counsel for Defendants/Counterclaimants Prof. Yi-Heng Percival Zhang and Cell-Free Bioinnovations, Inc.*